FILED
JUL 03 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Frank Eugene Lamb, III, )
)
    Plaintiff, )
)
v. ) Civil Action No. 19-1703 (UNA)
)
Bureau of Alcohol, Tobacco, Firearms and )
Explosives *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* Complaint, accompanied by an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.[1] *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief

---

[1] In light of this pre-assignment disposition, Plaintiff's Motion for CM/ECF User Name and Password will be denied since such matters are "within the discretion of the judge to whom the case is assigned." LCvR 5.4(b)(2).

1

in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a United States citizen "temporarily residing in Ukraine[.]" Compl. ¶ 2. He has sued the U.S. Department of Homeland Security and three components of the U.S. Department of Justice (ATF, FBI and DEA). Plaintiff seeks "compensatory general and special damages in an amount in accordance with proof." Compl. at 12. In the seven-count complaint, Plaintiff captions his causes of action as intentional infliction of emotional distress (count three), and negligence (count four). In addition, Plaintiff invokes 42 U.S.C. § 1983, asserting "Malicious Prosecution in Violation of the Fourteenth Amendment" (count one); "Failure to Properly Screen and Hire" (count five); "Failure to Properly Train Against Defendants" (count six); and "Failure to Supervise and Discipline" (count seven). But the text of § 1983 proscribes deprivation of rights by persons acting "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia[.]" The United States "simply has not rendered itself liable . . . for constitutional tort claims." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), citing 28 U.S.C. § 1346(b).

The remaining cause of action (count two) is captioned: "Violation of 28 U.S.C. § 2680." The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, indeed waives the United States' immunity from damages liability for negligence and certain other torts "committed by federal employees acting within the scope of their employment." *Loumiet v. United States*, 828 F.3d 935, 941 (D.C. Cir. 2016). But before proceeding in federal court, the complainant must have first presented his claim "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition. 28 U.S.C. § 2675(a). Under the law of this circuit, the presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Nothing in the complaint suggests that plaintiff has pursued

2

his administrative remedy, much less exhausted it. Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: July 2, 2019

_____
United States District Judge